```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
INNOVATIVE SPORTS MANAGEMENT,
d/b/a INTEGRATED SPORTS MEDIA,

                    Plaintiff,                              REPORT AND RECOMMENDATION
                                                            20 CV 405(KAM)(LB)
       -against-

YIRCEO ZARATE, Individually, and as
Officer, director, shareholder and/or
Principal of EL MORDISCO SPORTS BAR
RESTAURANTE, CORP., and
EL MORDISCO SPORTS BAR
RESTAURANTE, CORP.

                    Defendants.
---------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

Plaintiff, Innovative Sports Management d/b/a Integrated Sports Media ("ISM"), brings this civil action against defendants Yirceo Zarate and El Mordisco Sports Bar Restaurante, Corp. (the "defendants"), alleging defendants exhibited a soccer game on March 22, 2019 which plaintiff owns the rights to without plaintiff's authorization. Compl. ¶¶ 3-5, ECF No. 1. Plaintiff asserts that defendants' actions infringed upon its copyright, in violation of 17 U.S.C. § 501. Id. ¶ 34. Despite proper service of the summons and complaint, defendants have failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. ECF No. 13. The Honorable Kiyo A. Matsumoto referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion for a default judgment should be granted in part and denied in part.

1

...

## BACKGROUND[1]

Plaintiff is a New Jersey corporation which obtains the rights to sporting events in the United States and then sells the right to show the events to commercial establishments. Compl. ¶ 1. Plaintiff sustains its business by collecting fees from the establishments to which it sells the right to show an event, and this permits plaintiff to continue to provide content. Id. ¶ 2. Plaintiff owns the rights to the program called Partidos Amistosos 2019: Peru v. Paraguay PPV Event for March 22, 2019 (the "program"), which is part of the Partidos Amistosos 2019 series, one of plaintiff's most popular offerings.[2] Id. ¶¶ 3, 6. The program originated, and was then transmitted, via closed circuit television, "encrypted satellite signal, cable and IPTV/streaming signal." Id. ¶¶ 3, 25. Plaintiff copyrighted the program and a Certificate of Registration was later filed with the U.S. Copyright Office on May 9, 2019 under Registration Number PA-3-976-471. Id. ¶ 4.

Plaintiff alleges that, although defendants never obtained permission to show the Partidos Amistosos 2019: Peru v. Paraguay PPV Event, defendants "illegally intercepted" the broadcast of the program and showed it at their bar. Id. ¶¶ 28-29. Plaintiff's inspector, Cosmo Lubrano, visited the bar on March 22, 2019, observed that the program was displayed on multiple television sets, and made a video recording documenting defendants' violation. Id. ¶ 31; Lubrano Aff., ECF 13-7. Defendant Yirceo Zarate held a supervisory position at defendant El Mordisco Sports Bar Restaurante, Corp., which operated the bar, an establishment called El Mordisco Restaurant & Sports Bar (the "bar") at 85-14 Roosevelt Avenue, Jackson Heights, New York.

---

[1] The facts are drawn from the uncontested allegations in plaintiff's complaint, as well as documents incorporated by reference, and are taken as true for the purpose of deciding this motion. See Greathouse v. JHS Sec. Inc., 784 F.3d 105, 107 (2d Cir. 2015) (citing SEC v. Razmilovic, 738 F.3d 14, 19 (2d Cir. 2013) (noting that the "well-pleaded factual allegations" in a complaint are taken as true on a motion for a default judgment).
[2] The Court takes judicial notice that the phrase "Partidos Amistosos" translates into English as "Exhibition Game."

Compl. ¶¶ 16-17, 20. On March 22, 2019, the bar had a capacity of approximately 51-100 people. Id. ¶ 21; Lubrano Aff. 2.

## PROCEDURAL HISTORY

Plaintiff filed the instant action on January 24, 2020 alleging a violation of the Copyright Act, 17 U.S.C. §§ 501 et. seq. ECF No. 1. Despite service of the summons and complaint, ECF Nos. 8-9, defendants failed to answer or otherwise respond. The Clerk of Court noted entry of defendants' default on August 14, 2020. ECF No. 12. Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2). ECF No. 13. In support of its motion, plaintiff provides: a Memorandum of Law (Mem. of Law, ECF No. 13-1); a Copyright Certificate of Registration (ECF No. 13-2); a printout from the New York State Department of State, Division of Corporations website regarding El Mordisco Sports Bar Restaurante, Corp. (ECF No. 13-3); an affidavit from its president, Doug Jacobs (Jacobs Aff., ECF No. 13-4); a CCTV Rate Card (ECF No. 13-5); a list of establishments which purchased the Program on March 22, 2019 (ECF No. 13-6); an affidavit from plaintiff's investigator Cosmo Lubrano (Lubrano Aff., ECF No. 13-7); photos and screen shots from the internet regarding El Mordisco Sports Bar Restaurante, Corp. (ECF No. 13-8); a proposed default judgment (ECF No. 13-9); and a certificate of service that plaintiff's motion for a default judgment was served on defendants (ECF No. 13-10). Defendants have not appeared.

## DISCUSSION

**I. Legal Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997). Regardless of the assumption of truth, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation marks and citation omitted). In evaluating "whether the unchallenged facts constitute a legitimate cause of action," the Court is limited to the four corners of the complaint. The Court is not so restricted in determining damages, which may be

calculated based on documentary evidence, affidavits, or evidence gleaned from a hearing on damages. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

## II. Liability

### A. The Copyright Act

The Copyright Act protects the exclusive rights of a copyright owner. 17 U.S.C. § 106. In pertinent part, the Act provides that the owner of a copyrighted work may reproduce it, prepare derivative works based on it, distribute copies of it, and "perform or display the work publicly" or authorize others to do the same. Id.; see also Nat'l Football League v. Primetime 24 Joint Venture, 211 F.3d 10, 11 (2d Cir. 2000) (citation omitted) ("Under the Copyright Act, the owner of a copyright has the exclusive right publicly to perform and display the copyrighted material."). The Copyright Act expressly authorizes a copyright's owner to institute a civil action for infringement against "anyone who violates any of the exclusive rights of the copyright owner," i.e., an infringer. 17 U.S.C. § 501(a)-(b).

In an infringement action, "a plaintiff must show ownership of a valid copyright and copying of the protectable elements of the copyrighted work." Scholz Design, Inc. v. Sard Custom Homes, LLC, 691 F.3d 182, 186 (2d Cir. 2012) (citing Medforms, Inc. v. Healthcare Mgmt. Sols., Inc., 290 F.3d 98, 109 (2d Cir. 2002)). "A certificate of copyright registration is prima facie evidence of ownership of a valid copyright." Id.; see also 17 U.S.C. § 410(c) ("[T]he certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright...."). "A copyright 'automatically inheres in a work the moment it is created'" and so a lawsuit can still proceed

even if a certificate of registration was applied for and received after the date of an alleged infringement. Fam. Dollar Stores, Inc. v. United Fabrics Intern., Inc., 896 F. Supp. 2d 223, 229 (S.D.N.Y. 2012) (internal citations omitted). The elements of a copyrighted work are "protectable" when they are original and "display some minimal level of creativity." Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 358 (1991). "[U]nauthorized production and unauthorized distribution of copies of copyrighted material constitute an infringement of the copyright." Joe Hand Promotions, Inc. v. Miller, 20-CV-132(KAM)(CLP), 2021 WL 1394508, at *5 (E.D.N.Y. Feb. 26, 2021) [hereinafter Miller] (internal quotation marks omitted) (citing Paramount Pictures Corp. v. Doe, 821 F. Supp. 82, 89 n.6 (E.D.N.Y. 1993) Report and Recommendation adopted by 2021 WL 1207319 (E.D.N.Y. Mar. 31, 2021). The Copyright Act provides that "the right to perform copyrighted material publicly includes the right 'to transmit or otherwise communicate a performance…of the work….to the public, by means of any device or process.'" Nat'l Football League, 211 F.3d at 12 (quoting 17 U.S.C. § 101). Therefore, in the context of a broadcasted program, distribution of the program without the copyright owner's permission constitutes copyright infringement. See Joe Hand Promotions, Inc. v. Mohamed, No. 20-CV-557(KAM)(RLM), 2021 WL 2895637, at *6 (E.D.N.Y. July 9, 2021) [hereinafter Mohamed]; Miller, 2021 WL 1394508, at *5; Innovative Sports Mgmt., Inc. v. Acevedo, No. 19-CV-1690(JS)(AYS), 2020 WL 5134423, at *4 (E.D.N.Y. June 4, 2020) [hereinafter Acevedo] Report and Recommendation adopted by 2020 WL 6063250 (E.D.N.Y. Oct. 14, 2020).

**B. Liability of the Corporation**

Plaintiff's complaint sufficiently establishes the defendant corporation's liability for copyright infringement. Plaintiff alleges that it is the owner of the Partidos Amistosos 2019: Peru v. Paraguay program and that it possesses a valid copyright under registration number PA 3-976-

6

471. Compl. ¶¶ 3-4. A copy of the certificate of registration is appended to plaintiff's motion papers. ECF No. 13-2. The certificate lists plaintiff as the copyright claimant and states an effective date of May 9, 2019. Id. As discussed above, although the certificate was registered after the alleged infringement, plaintiff still possessed a valid copyright on March 22, 2019, the date the program first aired. See Fam. Dollar Stores, Inc., 896 F. Supp. 2d at 229.

Plaintiff's allegations that defendants never obtained "authority or license…to publicly exhibit" the program but that plaintiff possesses video demonstrating that the program was shown at defendants' bar, compl. ¶¶ 28-31, are sufficient to establish the corporate defendant's liability under the Copyright Act. See Mohamed, 2021 WL 2895637, at *6; Miller, 2021 WL 1394508, at *5; Acevedo, 2020 WL 5134423, at *4. A review of the supporting documents accompanying plaintiff's motion papers further supports its assertions. The list of establishments which obtained a license from plaintiff to show the program does not include defendants' bar. ECF No. 13-6. The affidavit of Cosmo Lubrano states that he visited defendants' bar on March 22, 2019 and observed the program being shown on four television sets. Lubrano Aff. 1-2. Further, photos and a video screen shot provided by plaintiff depict the bar and at least one television set displaying the program.[3] ECF No. 13-8.

Accordingly, I recommend that plaintiff's motion for a default judgment against defendant El Mordisco Sports Bar Restaurante, Corp. should be granted.

**C. Liability of Yirceo Zarate**

Plaintiff also seeks a default judgment against the individual defendant, Yirceo Zarate, however, its brief is silent regarding the basis for individual liability. The complaint labels defendant Zarate as "an officer, director, shareholder, and/or principal" of the defendant

---

[3] Although plaintiff attempted to provide a Dropbox link to video taken by its inspector, Jacobs Aff. ¶ 13, the Court is unable to view the video. Nonetheless, the complaint's allegations are sufficient.

corporation. Compl. ¶¶ 7, 16. It further states that defendant Zarate "was the individual with supervisory capacity and control over the activities occurring within" the bar, that "he received a financial benefit from the operations of" the bar on March 22, 2019, and that he was "the individual with close control over the internal operating procedures and employment practices" of the bar on March 22, 2019. Id. ¶¶ 17-19. Plaintiff further alleges that defendants "jointly and severally" benefited by showing the program without paying the required licensing fee. Compl. ¶ 23. The complaint does not allege that defendant Zarate was actually present on March 22, 2019 at the time the program was shown at the bar.

"The Copyright Act, 17 U.S.C. §§ 101, et. seq., 'frames' individual liability 'as contributory and vicarious infringement.'" Poparic v. Jugo Shop, No. 08-CV-2081(KAM)(JO), 2010 WL 1260598, at *8 (E.D.N.Y. Mar. 31, 2010) (quoting Moran v. deSignet Int'l, 557 F. Supp. 2d 378, 384 (W.D.N.Y. 2008)). Establishing defendant Zarate's liability for contributory infringement requires plaintiff to show that defendant Zarate "authorized the [infringing] use." Softel Inc. v. Dragon Medical and Scientific Commc'ns Inc., 118 F.3d 955, 971 (1997) (alteration in original) (quoting Song Corp. v. Universal City Studios, Inc., 464 U.S. 417, 437 (1984)). A showing of vicarious liability requires plaintiff to demonstrate defendant Zarate "had a 'right and ability to supervise [that coalesce[d] with an obvious and direct financial interest in the exploitation of copyrighted materials.'" Id. (alterations in original) (quoting Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.3d 304, 307 (2d Cir. 1963)).

Several Courts in this District have examined the liability of an individual defendant in the same context now before the Court – the exhibition of pirated sporting event broadcasts at restaurants and bars. See e.g., Mohamed, 2021 WL 2895637, at *6; Miller, 2021 WL 1394508, at *10; Acevedo, 2020 WL 5134423, at *4; J & J Sports Prods., Inc. v. Espinal, No. 19-CV-

5180(PKC)(RER), 2020 WL 2747981, at *3 (E.D.N.Y. May, 26, 2020); J & J Sports Prods., Inc. v. Shaw, No. 19-CV-2383(AMD)(ST), 2020 WL 1034361, at *4 (Feb. 12, 2020) Report and Recommendation adopted by 2020 WL 1031804 (E.D.N.Y. Mar. 3, 2020). The Mohamed and Miller Courts both found an individual corporate officer of an establishment liable under the Copyright Act when the establishment showed a pirated sporting event on its premises.[4] Mohamed, 2021 WL 2895637, at *6; Miller, 2021 WL 1394508, at *10. The allegations in those cases were substantially similar to the allegations in the instant matter.[5] However, unlike this case, the individual defendants in those cases were present at the establishment at the time of the infringement. Mohamed, 2021 WL 2895637, at *6 ("The undisputed allegations in the Complaint establish that…Mr. Mohamed was present at the Establishment during the broadcast of the Program."); Miller, 2021 WL 1394508, at *10 ("Plaintiff also alleges that Miller…was present in Estelle Lounge on the night of the Event [and] authorized the broadcast of the Event…."). Here, the complaint does not allege that defendant Zarate was present at the time the program was shown at the bar.

In both Espinal and Shaw, the Court denied plaintiff's request to hold the individual corporate officer liable, finding that plaintiff had only restated the legal standard for liability without providing facts to support the claim. See Espinal, 2020 WL 2747981, at *3; Shaw, 2020 WL 1034361, at *4. The Espinal Court stated that it would not accept plaintiff's "conclusory allegation" about the individual defendant's direction of the alleged infringement. Espinal, 2020 WL 2747981, at *3. The Shaw Court found that plaintiff "merely parrots language that is found in the case law and does not list any *specific* actions taken by the individuals on the night of the"

---

[4] The Court notes that in Mohamed and Miller, the complaint alleged violations of the Federal Communications Act of 1934 in addition to the Copyright Act. See Mohamed, 2021 WL 2895637, at *1; Miller, 2021 WL 1394508, at *1.
[5] Plaintiff's counsel in the instant matter, Lonstein Law Office, P.C., represented the plaintiffs in both Mohamed and Miller.

program. Shaw, 2020 WL 1034361, at *4 (emphasis in original). That Court also found that the complaint failed to allege the individual defendant's "obvious and direct financial interest" in the infringement. Id. It noted that there were no allegations that the establishment charged a cover fee or that it was filled close to capacity. Id. Similarly, in Acevedo, a case involving the same plaintiff and plaintiff's counsel as this case, the Court found that plaintiff failed to establish the corporate officer's individual liability where there were no allegations of a direct financial interest in the infringement or of a cover charge or a "premium surcharge" on food or beverages. 2020 WL 5134423, at *4. The complaints in this case and in Acevedo are substantially similar, differing only as to details and the Communications Act claim in Acevedo. Compare Compl., ECF No. 1, Innovative Sports Mgmt., Inc. v. Acevedo, No. 19-CV-1690(JS)(AYS) (E.D.N.Y. 2019) with ECF No. 1, Innovative Sports Mgmt., Inc. v. Zarate, 20-CV-405(KAM)(LB) (E.D.N.Y. 2020).

      Here, plaintiff's complaint fails to support defendant Zarate's individual liability. Plaintiff's complaint and instant motion fail to establish that defendant Zarate was physically present at the time the program was exhibited at the bar. The complaint also fails to establish that defendant Zarate personally directed or authorized the showing of the program on March 22, 2019. Moreover, other than his general financial interest in the operations of the bar, plaintiff fails to allege the specific financial interest defendant Zarate derived from showing the program at the bar, on the night in question. Neither the complaint nor the motion alleges that the bar charged a cover fee or charged a premium for food or beverage on March 22, 2019. See Lubrano Aff. 1 ("I paid the sum of $0 cover charge to enter the establishment.).

      Accordingly, I recommend that plaintiff's motion for a default judgment against defendant Zarate should be denied.

**III. Damages**

Defendant, having successfully established the liability of the corporate defendant, El Mordisco Sports Bar Restaurante, Corp., is entitled to copyright damages. It is well established that a default, is "deemed to constitute a concession of all well pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks and citation omitted); see also Credit Lyonnais Secs. (USA), Inc., 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc, 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court, however, does not need to hold a hearing, as "detailed affidavits and documentary evidence" may be sufficient. Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234 (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

Under the Copyright Act, a plaintiff may recover either their "actual damages and any additional profits of the infringer" or statutory damages. 17 U.S.C. § 504(a). A plaintiff must elect to recover statutory damages prior to the entry of final judgment. Id. § 504(c)(1). Here, plaintiff elects to recover statutory damages, requesting an award of $10,000 and an additional award of enhanced statutory damages of $10,000 because defendant's violation was willful. Mem. of Law. 7-12.[6]

---

[6] Plaintiff's Memorandum of Law does not contain page numbers. The Court refers to the ECF pagination.

An award of statutory damages must be "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). The Court has wide latitude when fixing the amount of a statutory damages award. Bryant v. Media Rights Prods., Inc., 603 F.3d 135, 143 (2d Cir. 2010) (quoting Fitzgerald Pbl'g Co. v. Baylor Pub. Co., Inc., 807 F.2d 1110, 1116 (2d Cir. 1986). The Court should consider:

> (1) The infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Id. (citing N.A.S. Impor. Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252-53 (2d Cir. 1992)). Courts in the Second Circuit regularly award statutory damages in multiples of the licensing fee the copyright infringer would have paid had it lawfully obtained the rights to display a work. See e.g., Broadcast Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) (awarding statutory damages of five times the licensing fee); Broadcast Music, Inc. v. Bayside Boys, Inc., No. 12-CV-3713(CBA)(VMS), 2013 WL 5352599, at *6 (E.D.N.Y. Sept. 23, 2013) (awarding statutory damages of five times the licensing fee).

Here, there is no support for plaintiff's request of $10,000 in statutory damages in the record or in the relevant caselaw. Plaintiff's Memorandum of Law cites cases discussing the ordinary range of awards in this Circuit and elsewhere yet requests an amount far in excess of a standard award. Mem. of Law. 9. The records provided by plaintiff establish that defendant would have had to pay $1,000 in order to obtain a license to show the program in its bar. ECF No. 13-5. Plaintiff's inspector's affidavit demonstrates that the capacity of defendant's bar is between fifty-one and one-hundred persons, Lubrano Aff. 2, and plaintiff's "CCTV Rate Card" states that the fee for an establishment of that size was $1,000, ECF No. 13-5. Taking the factors

12

listed above into account, including plaintiff's lost revenue and the need to deter future infringement, the Court should award statutory damages of $3,000. This amount, three times the lost licensing fee, is in line with typical awards in this circuit. Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17-CV-5721(MKB)(SJB), 2019 WL 312149, at *8 (E.D.N.Y. Jan. 3, 2019) (citing Prana Hosp., Inc., 158 F. Supp. 3d at 198-99 & n.12) ("[C]ourts in this circuit typically apply a multiplier between three and five.")) Report and Recommendation adopted by 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019). This statutory damage award will both compensate plaintiff and deter future infringement.[7]

When a copyright plaintiff proves "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. 504(c)(2). Proof of willfulness requires showing "that the infringer 'had knowledge that its conduct represented infringement or…recklessly disregarded the possibility.'" Bryant, 603 F.3d at 143 (quoting Twin Peaks Prods., Inc v. Publ'n Intern., Ltd., 996 F.2d 1366, 1382 (2d Cir. 2010)). The unauthorized showing of a broadcasted event has previously been found to be willful and deserving of enhanced statutory damages. See Acevedo, 2020 WL 5134423, at *6 (making a finding of willfulness and awarding enhanced damages under the Communications Act) (quoting J & J Sports Prods., Inc. v. Welch, No. 10-CV-159(KAM), 2010 WL 4683744, at *4 (E.D.N.Y. Nov. 10, 2010)); Kingvision Pay-Per-View Ltd. v. Zalazar, 653 F. Supp. 2d 335, 342 (S.D.N.Y. 2009) [hereinafter Zalazar] (citing Time Warner Cable of New York City v. Googies Luncheonette, Inc., 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) (discussing

---

[7] The Court is aware that in several recent cases involving similar conduct, Courts have not awarded a multiple of the licensing fee. See e.g., Mohamed 2021 2895637, at *9; Miller, 2021 WL 13945508, at *10. However, in those cases, separate damages were awarded under the Communications Act. See Mohamed 2021 2895637, at *9; Miller, 2021 WL 13945508, at *10.

how the logistics required for the showing of a restricted broadcast in an establishment clearly demonstrate the defendant's willfulness).

Enhanced statutory damages are appropriate in this case because plaintiff's submission demonstrates that defendant's conduct was willful. The affidavit of plaintiff's president, Doug Jacobs, explains the various methods which defendant may have employed to illegally intercept plaintiff's broadcast and display it at defendant's bar. Jacobs Aff. ¶ 15. These methods include: "physical piracy" by splicing coaxial or satellite cables; redirecting a signal from a residence into the bar; de-encrypting the broadcast signal; misrepresenting the business as a residence to obtain the broadcast at a reduced charge; moving cables from a residence to the bar; or displaying a pirated stream of the program from social media. Id. The Court credits the information in Mr. Jacob's affidavit and finds that in order to display the program, defendant acted willfully. See Zalazar, 653 F. Supp. 2d at 342. In the recent cases examined by the Court in which enhanced statutory damages were awarded, the Court first awarded statutory damages and then awarded the same amount as enhanced statutory damages. See e.g., Mohamed, 2021 WL 2895637, at *9; Miller, 2021 WL 1394508, at *10; Acevedo, 2020 WL 5134423, at *7. Accordingly, I recommend that the Court should award an additional $3,000 in statutory damages under 17 U.S.C. § 504(c)(2) for a total damage award to plaintiff of $6,000.

**IV. Attorney's Fees and Costs**

Although the complaint requests an award of attorney's fees and costs, compl. ¶ 36, discussion of such an award is absent from plaintiff's Memorandum of Law. Further, plaintiff's motion papers do not contain any information about the time spent by counsel working on this case, the fees charged, or the costs incurred. See Whitehead v. Mix Unit, LLC, No. 17 Civ.

9476(VSB)(JLC), 2019 WL 384446, at *4-5 (S.D.N.Y. Jan. 31, 2019) (discussing the need to examine billing records when awarding attorney's fees in a copyright case) Report and Recommendation adopted by 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019).

Accordingly, I recommend that plaintiff's request for attorney's fees and costs should be denied without prejudice to plaintiff filling a proper motion for attorney's fees and costs with adequate support within fourteen days of this Report.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for a default judgment should be granted in part and denied in part. The Court should grant plaintiff's motion for a default judgment against defendant El Mordisco Sports Bar Restaurante, Corp. and should deny plaintiff's motion against the individual defendant, Yireco Zarate. Plaintiff should be awarded $3,000 in statutory damages under 17 U.S.C. §504(c)(1) and enhanced statutory damages of $3,000 under 17 U.S.C. § 504(c)(2) for a total award of $6,000. Plaintiff's motion for attorney's fees should be denied without prejudice as set forth above.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d

Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                                                    /S/
                                                  LOIS BLOOM
                                                  United States Magistrate Judge

Dated: August 5, 2021
       Brooklyn, New York